IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ILLYION SAMUELS, | : | |
| | : | |
| Appellant, | : | C.A. No. K19A-10-001 JJC |
| | : | In and for Kent County |
| v. | : | |
| | : | |
| CABLE PROTECTION SERVICES | : | |
| & UNEMPLOYMENT | : | |
| INSURANCE APPEALS BOARD, | : | |
| | : | |
| Appellees. | : | |

**ORDER**

Submitted: March 17, 2020
Decided:  April 14, 2020

*Upon Appeal of the Unemployment Insurance Appeals Board – REVERSED*

On this 14th day of April, having considered Appellant Illyion Samuels' appeal of the decision of the Unemployment Insurance Appeals Board ("UIAB" or "Board"), it appears to the Court that:

1. Mr. Samuels' employer, Cable Protection Services ("Cable"), terminated Mr. Samuels' employment on May 14, 2019  On August 21, 2019, the UIAB considered Mr. Samuels' appeal of an appeals referee's decision.   When doing so, the Board found that Cable had just cause to terminate Mr. Samuels.

2. Thereafter, Mr. Samuels appealed the decision to this Court and then filed his opening brief.   Cable did not file an answering brief.   Furthermore, the UIAB informed the Court that it did not take a position relevant to the appeal.[1]  In the absence of an answering brief from Cable, the Court sent Cable a delinquent

---

[1] Transaction No. 64616963.

brief notice.[2]  In its March 4, 2020 notice, the Court notified Cable that the Court may "consider the opposition to the issue being brief[ed to be] abandoned" if Cable failed to file an answering brief within ten days.

3.    No attorney has entered an appearance for Cable.  After the March 4, 2020 notice, Cable attempted to file an answering brief *pro se*.  It has not otherwise contacted the Court.

4.    Three procedural requirements control the disposition of this case; as a result, it is inappropriate for the Court to decide the case on its substantive merits. First, the Court acknowledges the UIAB's position that it has no interest in having its ruling sustained on appeal.[3]  Second, as an artificial entity defined by Delaware Supreme Court Rule 57(a) (1), a Delaware Attorney must represent Cable in the Superior Court.  Third, Superior Court Rule 107(f) provides the consequences for failing to file a brief as required.  Namely, it provides, *inter alia,* that "the Court may, in its discretion, . . . summarily deny or grant the motion, such as the situation may present itself or take such other action as it deems necessary to expedite the disposition of the case."[4]

5.    Here, Cable did not file a brief as required.  When warned that its failure to file a brief could compel an adverse decision, it belatedly attempted to file a brief *pro se*.  In Superior Court, counsel must represent an artificial entity.[5] Although the record does not reveal the nature of Cable's business structure, Supreme Court Rule 57(a)(1) includes unincorporated associations within the

---

[2] Transaction No. 64786649.

[3] *Wilmington Trust Company v. Barron*, 470 A.2d 257, 251 (Del. 1983).

[4] Sup Ct. Civ. R. 107(f).  *See Hunter v. First USA/Bank One*, 2004 WL 838715, at *4–6 (Del. Super. Apr. 15, 2004) (recognizing that when an employer did not participate, reversal was appropriate).  *See also Michael A. Sinclair, Inc. v. Riley*, 2004 WL 1731140, at *2–3 (Del. Super. July 30, 2004) (citing *Hunter* and explaining the appellee's failure to act required reversal).

[5] *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936, 1990 WL 168276, at *1 (Del. 1990) (TABLE).

2

definition of an artificial entity. Namely, such entity includes anything "that have or should have filed a certificate with the Prothonotary's office designating a trade name." Because Cable, as the employer, could only appear through counsel, the Court cannot consider the letter its officer or owner filed. As such, it did not participate in the appeal, requiring reversal of the UIAB's decision.[6]

WHEREFORE, because Appellant Illyion Samuels' appeal of the UIAB's decision is unopposed, the UIAB's decision dated September 27, 2019, must be **REVERSED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[6] *See Crews v. Sears Roebuck & Co.*, 2011 WL 2083880, at *3–4 (Del. Super. May 11, 2011) (explaining that because the employer did not comply with the briefing schedule, reversal was appropriate regardless of the ultimate merits).